# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DYLAN MALONN BROWN,

        **Plaintiff,**

      v.                            **Civil Action 2:18-cv-521**
                                   **Chief Judge Edmund A. Sargus, Jr.**
                                 **Magistrate Judge Jolson**

CITY OF COLUMBUS, et al.,

        **Defendants.**

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff Dylan Malonn Brown, a *pro se* prisoner, brings this action against the City of Columbus and the Columbus Division of Police. (*See* Doc. 1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 3), Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. (*Id.*).

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

II.     **INITIAL SCREEN**

A.  **Relevant Standard**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Plaintiff's Complaint

Plaintiff states that he is bringing this action under 42 U.S.C. § 1983. (Doc. 1 at 1). Although Plaintiff is currently incarcerated at Noble Correctional Institution, he makes clear that his claims "do not involve any aspect of institutional life." (*Id.* at 2). Instead, Plaintiff's claims appear to stem from events involving his arrest and preceding his incarceration. Plaintiff alleges the following facts:

> This case arises pursuant to the City of Columbus, Ohio failing to train its police force in the areas of what constitutes unlawful "stalking horse" assistance, proper termination of a doctor-patient relations, and custodial care of a mental health patient.
>
> On June 16, 2016, the Columbus Division of Police ("CDOP") devised a scheme that entailed unlawful termination of the doctor-patient relationship by coercing thee staff at Riverside Methodist Hospital, Psychiatric Unit, to play as "stalking horse" for their arrest warrant. Riverside created a hypocritical situation wherein they declared having to transfer me to another unit for treatment, which,

ironically, exposed me to public thoroughways. Even though I wasn't released by Riverside, the CDOP arrested me on a public thoroughway. Nonetheless, I had a reasonable expectation of privacy during this voluntary commitment, because I wasn't there by order of the court and needed intervention. . . .

Based on this unlawful arrest, I was denied: benefit of an expert witness, for a defense of not guilty by reason of insanity; referral to the court's mental health docket; and adequate medical care, for my serious mental health needs.

With the validity of my guilty pleas aside, thee [sic] psychiatric staff at Riverside would have assisted a viable defense, had the 4th U.S.C.A. infraction not occurred. This also translated into my case being heard on an improper forum. Due to not being allowed adequate assessment by Riverside, I attempted suicide while awaiting trial. These infractions, caused by the unreasonable seizure, are unquantifiable and indeterminate, and don't require and additional showing of prejudice to make violation complete.

(*Id.* at 2–3).

In terms of relief, Plaintiff seeks ten million dollars "for the unlawful seizure, that initiated a series of unfortunate perils," as well as five million dollars in punitive damages. (*Id.* at 3).

### C. Discussion

Although the Complaint is difficult to decipher, it is clear that Plaintiff's claims are not cognizable claims under section 1983. *See Laury v. Jevirell*, No. 15-13365, 2015 WL 5771992, at *2 (E.D. Mich. Oct. 2, 2015). "A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the validity continued confinement." *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C.

§ 2254).  Further, Section 1983 "cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus." *Galka v. Cole*, No. CIV. A. 08-13321, 2008 WL 4562077, at *2 (E.D. Mich. Oct. 9, 2008).

Here, Plaintiff's claims concern the validity of his arrest and the nature of his criminal proceedings.  If he were to prevail, his conviction(s), sentence, and continued confinement would be called into question.  *Laury*, 2015 WL 5771992, at *2; *see also Boyce v. Hobkirk*, No. 2:16-CV-14395, 2017 WL 445604, at *1 (E.D. Mich. Feb. 2, 2017) ("If Plaintiff were to prevail on his claim concerning the validity of the investigation and criminal prosecution, his convictions and continued confinement would be called into question.").  Although Plaintiff briefly mentions the adequacy of his medical care, he also explicitly states his claims do not involve "any aspect of institutional life."  Thus, Plaintiff's Complaint is barred in its entirety by the *Heck v. Humphrey* doctrine.

Courts in this circuit have held that "[w]hen a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated."  *See, e.g.*, *Bohannon v. Martin*, No. 1:07-CV-784, 2007 WL 2891426, at *2–3 (S.D. Ohio Sept. 28, 2007) (citing *Murphy v. Martin,* 343 F.Supp.2d 603, 609 (E.D. Mich. 2004)).  Consequently, because the undersigned is recommending dismissal of Plaintiff's § 1983 Complaint under *Heck*, the dismissal should be without prejudice.

*Id.* (citing *Diehl v. Nelson*, 198 F.3d 244, 1999 WL 1045076 (6th Cir. Nov. 12, 1999, citing to *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)).

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

### III. REQUEST FOR APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff states that he "respectfully request[s] the assistance of able counsel to perfect [his] claims." (Doc. 1 at 3). The undersigned construes the requests as a Motion to Appoint Counsel. However, "[a]ppointed counsel in civil suits is a privilege only justified in exceptional circumstances ...." *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). The record before the Court does not show that exceptional circumstances exist in this case. Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED.**

### IV. CONCLUSION

In sum, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**; Plaintiff's Motion to Appoint Counsel is **DENIED**; and it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**<u>Procedure on Objections</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: June 25, 2018                                          /s/ Kimberly A. Jolson
                                                             KIMBERLY A. JOLSON
                                                             UNITED STATES MAGISTRATE JUDGE