IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DYLAN MALONN BROWN,

    Plaintiff,

v.

Case No. 2:18-cv-521
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

THE CITY OF COLUMBUS, *et al.*,

    Defendants.

## ORDER

This matter is before the Court for consideration of Plaintiff's Objection to the Magistrate Judge's June 25, 2018, Order and Report and Recommendation. (ECF No. 4.) The Magistrate Judge recommended dismissal of Plaintiff's Complaint upon an initial screen pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. For the reasons below, the Court **OVERRULES** Plaintiff's Objection (ECF No. 5) and **ADOPTS** the Order and Report and Recommendation. Plaintiff's Complaint is **DISMISSED without prejudice**.

Plaintiff, proceeding *pro se*, initiated this action on May 29, 2018, against Defendants, the City of Columbus and the Columbus Division of Police, under § 1983 concerning the validity of his arrest on June 16, 2016.

Plaintiff contends that while he was a patient of Riverside Methodist Hospital, the hospital decided to transfer him to another unit for treatment. During the transfer, he contends he was arrested ". . . while on a public thoroughway [stet]." Plaintiff later pled guilty to the charges for which he was arrested. (Compl. at 2 ("With the validity of my guilty pleas aside, thee [stet]

psychiatric staff at Riverside would have assisted a viable defense, had the 4th U.S.C.A. infraction not occurred.").)

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Additionally, a *pro se* litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, *pro se* plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff objects to the Magistrate Judge's determination that he failed to state a claim on which relief may be granted. In his Objection, Plaintiff asserts that his arrest constituted an unreasonable seizure and states, "[s]pecifically, I take issue with the recommendation to dismiss complaint, without prejudice, for lack of subject matter jurisdiction. This position suggests that unlawful seizures and deliberate indifference to review medical needs are not actionable under Title 42 U.S.C. § [1]983." (Obj. at 2, ECF No. 5.)

As the Magistrate Judge explained, Plaintiff briefly mentions the adequacy of his medical care but makes clear in his Complaint that his claims "do not involve any aspect of institutional life." (Order and Report and Recommendation ("Rep. & Rec.") at 3, ECF No. 4); (Compl. at 2.) Moreover, it appears from his Complaint that Plaintiff asserts the issue with regard to his medical care stems from his arrest during treatment as opposed to Defendants denying him medical care. (Compl. at 2.) As the Magistrate Judge correctly explained, if Plaintiff were to prevail on his

challenge to the manner of his arrest, "his conviction(s), sentence and continued confinement would be called into question." (Rep. & Rec. at 5 (citing *Laurey v. Jevirell*, Case No. 15-cv-13365, 2015 WL 5771992, at *2 (E.D. Mich. Oct. 2, 2015).) Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), an inmate does not state a cognizable claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, ". . . unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Accordingly, the Magistrate Judge correctly held that Plaintiff's Complaint is barred by the *Heck v. Humphrey* doctrine.

Therefore, the Report and Recommendation (ECF No. 4) is **ADOPTED**, Plaintiff's Objection (ECF No. 5) is **OVERRULED**, and Plaintiff's Motion to Appoint Counsel (ECF No. 2), is **DENIED as moot**. The Court **DIRECTS** the Clerk to **DISMISS without prejudice** Plaintiff's Complaint. (ECF No. 4.)

**IT IS SO ORDERED.**

9-27-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

3